IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOINT TECHNOLOGY, INC. d/b/a REVERT SYSTEMS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-13-89-M |
| GARY KENT WEAVER, JR. and WEAVER MEDICAL GROUP, INC., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is defendants Gary Kent Weaver, Jr.'s ("Weaver") and Weaver Medical Group, Inc.'s ("Weaver Medical") Motion to Dismiss, filed April 5, 2013. On April 22, 2013, plaintiff filed its response, and on April 29, 2013, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

In 2008, plaintiff employed Weaver as the Regional Sales Vice President for the State of Tennessee. Plaintiff paid Weaver as a commission sales agent under a written agreement. Plaintiff alleges that Weaver developed referral arrangements with various medical clinics and providers while he was plaintiff's sales agent. The written agreement required plaintiff to employ staffing for the medical clinics where plaintiff operated and to provide funding for Weaver to pay for staff and marketing expenses.

In 2010, Weaver incorporated and created Weaver Medical. According to plaintiff, Weaver initiated a plan of converting plaintiff's scripts to Weaver Medical while he was still employed with plaintiff. Plaintiff alleges that Weaver diverted over 400 scripts between December 2010 and March 2011. On May 23, 2011, Weaver resigned from his position with plaintiff.

On July 26, 2011, in a separate matter from the present action, plaintiff filed a complaint against defendants, alleging, *inter alia*, breach of contract claims.[1]  On September 21, 2012, in the Prior Action, the Court denied plaintiff leave to amend its complaint as to allege an unjust enrichment claim against Weaver Medical.  Order [docket no. 71].  Subsequently, on January 25, 2013, the Court denied plaintiff leave to amend its complaint as to assert alter ego, fraud, and conversion claims because of plaintiff's undue delay.  Order [docket no. 104].

On January 23, 2013, the Court found that the written agreement between plaintiff and Weaver was void under Oklahoma law.  Order [docket no. 101] at 5.  The Court entered final judgment in the Prior Action on March 6, 2013.  Amended Judgment [docket no. 132].

On January 28, 2013, plaintiff filed its Complaint in the present action, alleging conversion, fraud, unjust enrichment, and alter ego.  Defendants move to dismiss on grounds of claim preclusion, issue preclusion, and plaintiff's failure to state valid tort claims.

II.     Discussion

Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action." *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002) (internal citations and quotations omitted) (emphasis in original).  "Claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999) (citing *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)).

---

[1] The prior action filed before this Court was *Joint Technology, Inc. d/b/a Revert Systems v. Gary Kent Weaver, Jr.*, CIV-11-846-M (hereafter, the "Prior Action").  After being dismissed from the Prior Action, Weaver Medical later intervened in the action.

The Tenth Circuit has further clarified that:

> This court has adopted the transactional approach of the Restatement (Second) of Judgments in determining what constitutes identity of the causes of action. The transactional approach provides that a claim arising out of the same "transaction, or series of connected transactions" as a previous suit, which concluded in a valid and final judgment, will be precluded. What constitutes the same transaction or series of transactions is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

*Yapp*, 186 F.3d at 1227 (internal citations omitted). "[The Tenth Circuit] repeatedly has held that 'all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes.'" *Wilkes*, 314 F.3d at 504 (citation omitted).

Having carefully reviewed the parties' submissions and the dockets in the Prior Action and the present action, the Court finds that claim preclusion is applicable in this matter. First, the Court finds that, in the Prior Action, the Court entered judgment on the merits. Second, the Court finds that the identities of the parties are the same in both suits. Third, the Court finds that the identity of the cause of action in both suits warrants preclusion. While the Prior Action centered around the contractual causes of actions, the Court finds that the tort causes of action in the present case "could have been raised" in the Prior Action. In fact, plaintiff moved for leave to amend in the Prior Action to raise the causes of action presently before the Court, but was denied leave to amend because plaintiff's unjust enrichment claim would have been futile and because plaintiff demonstrated undue delay in seeking leave to amend. Orders [docket nos. 71 and 104].

Moreover, the Court finds that the Prior Action and the present action arise out of the same transaction or series of transactions for claim preclusion purposes. Particularly, the claims arising from both the Prior Action and the present action all arise from conduct during Weaver's employment with

plaintiff. Therefore, in analyzing the Prior Action and the present action under the transactional approach, the Court finds that the Prior Action should be provided preclusive effect.

Finally, the Court finds that "the fact that plaintiff was denied leave to amend does not give [it] the right to file a second lawsuit based on the same facts." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 989 (10th Cir. 2002) (quoting *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986)). In light of the Court finding that the elements of claim preclusion are satisfied, the Court further finds that plaintiff may not circumvent the Court's orders regarding leave to amend in the Prior Action by filing the Complaint in the present action.[2]

Accordingly, the Court finds that this matter should be dismissed based upon the grounds of claim preclusion.[3]

III. Conclusion

For the reasons set forth above, the Court GRANTS defendants' Motion to Dismiss [docket no. 9].

**IT IS SO ORDERED this 28th day of June, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff relies on *Hartsel* for the proposition that it may file a successive complaint after a denial for leave to amend. However, upon careful review of *Hartsel*, the Court finds that the present action differs from *Hartsel* because the Tenth Circuit found that there were no identical parties or privity in that matter. *Hartsel*, 296 F.3d at 988-89.

[3]In light of the Court's finding as to claim preclusion, the Court need not address whether this matter should be dismissed on grounds of issue preclusion or plaintiff's failure to state valid tort claims.