IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOINT TECHNOLOGY, INC. d/b/a )
REVERT SYSTEMS, )
　 )
   Plaintiff, )
　 )
v. ) Case No. CIV-13-89-M
　 )
GARY KENT WEAVER, JR. and )
WEAVER MEDICAL GROUP, INC., )
　 )
   Defendants. )

## ORDER

  Before the Court is defendants Gary Kent Weaver, Jr.'s ("Weaver") and Weaver Medical Group, Inc.'s ("Weaver Medical") Motion for Sanctions, filed March 16, 2013. On April 2, 2013, plaintiff filed its response, and on April 9, 2013, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

  In 2008, plaintiff employed Weaver as the Regional Sales Vice President for the State of Tennessee. Plaintiff paid Weaver as a commission sales agent under a written agreement. Plaintiff alleges that Weaver developed referral arrangements with various medical clinics and providers while he was plaintiff's sales agent. The written agreement required plaintiff to employ staffing for the medical clinics where plaintiff operated and to provide funding for Weaver to pay for staff and marketing expenses.

  In 2010, Weaver incorporated and created Weaver Medical. According to plaintiff, Weaver initiated a plan of converting plaintiff's scripts to Weaver Medical while he was still employed with plaintiff. Plaintiff alleges that Weaver diverted over 400 scripts between December 2010 and March 2011. On May 23, 2011, Weaver resigned from his position with plaintiff.

On July 26, 2011, in a separate matter from the present action, plaintiff filed a complaint against defendants, alleging, *inter alia*, breach of contract claims.[1] On September 21, 2012, in the Prior Action, the Court denied plaintiff leave to amend its complaint as to allege an unjust enrichment claim against Weaver Medical. Order [docket no. 71]. Subsequently, on January 25, 2013, the Court denied plaintiff leave to amend its complaint as to assert alter ego, fraud, and conversion claims because of plaintiff's undue delay. Order [docket no. 104].

On January 23, 2013, the Court found that the written agreement between plaintiff and Weaver was void under Oklahoma law. Order [docket no. 101] at 5. The Court entered final judgment in the Prior Action on March 6, 2013. Amended Judgment [docket no. 132].

On January 28, 2013, plaintiff filed its Complaint in the present action, alleging conversion, fraud, unjust enrichment, and alter ego. Defendants now move for sanctions pursuant to Federal Rule of Civil Procedure 11.

II.  Discussion

Rule 11 provides, in pertinent part:

> **(b)  Representations to the Court.** By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> **(1)**  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)**  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous

---

[1] The prior action filed before this Court was *Joint Technology, Inc. d/b/a Revert Systems v. Gary Kent Weaver, Jr.*, CIV-11-846-M (hereafter, the "Prior Action"). After being dismissed from the Prior Action, Weaver Medical later intervened in the action.

>     argument for extending, modifying, or reversing existing law or for establishing new law;
> 
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> 
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
> 
> **(c) Sanctions.**
> 
> **(1)** **In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(b),(c)(1). Furthermore, the Tenth Circuit "has adopted the view that an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions. A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances." *White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990) (internal citations omitted).

Here, the Court finds that plaintiff's counsel should be sanctioned for filing the Complaint in the present action, which contains claims identical to the proposed amended claims that the Court denied in the Prior Action. As set forth in the Court's Order dismissing this matter, entered this same date, plaintiff's claims in the present action are barred by claim preclusion. Order [docket no. 13]. Moreover, a reasonable, competent attorney would know that "the fact that plaintiff was denied leave to amend does not give [plaintiff] the right to file a second lawsuit based on the same facts." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 989 (10th Cir. 2002) (quoting *Sendi*

*v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986)). To that end, the Court finds that plaintiff's Complaint was not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Therefore, the Court finds that plaintiff's counsel should be sanctioned pursuant to Rule 11(b) and (c).

III. Conclusion

For the reasons set forth above, the Court GRANTS defendants' Motion for Sanctions [docket no. 7]. Plaintiff's counsel shall pay the attorney's fees and costs associated with defendants' Motion for Sanctions [docket no.7] and Motion to Dismiss [docket no. 9].

**IT IS SO ORDERED this 28th day of June, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE